THE STATE *v*. SMITH.

JURISDICTION—*Assaults and assaults and battery.*—Under the present Constitution justices of the peace have jurisdiction in all criminal cases below the grade of felony, but that jurisdiction is not exclusively vested in justices of the peace.

WHEN CONCURRENT—Under the provisions of the Code of Criminal Practice, the jurisdiction may be exercised concurrently by the circuit courts, in cases of assaults and assaults and battery.

*Appeal from Benton County.*

HON. E. D. HAM, Circuit Judge.

*Montgomery*, Attorney General, for appellant.

WILSHIRE, C. J.

At the September term of the Benton circuit court, 1869, Joshua Smith was tried upon an indictment for an assault, with the intent of a great bodily injury, upon the person of one William Ramsey.

Upon the trial the jury found the defendant not guilty of the assault charged, but found him guilty of a simple assault, and assessed his fine at the sum of ten dollars; whereupon, the court gave judgment against the defendant for that sum and costs, etc.

The defendant moved in arrest of judgement, upon the ground that the circuit court had no original jurisdiction in cases of simple assault; that exclusive original jurisdiction, in cases of simple assault, was vested, by law, in courts of justices of the peace. The court below sustained the motion, and the State appealed to this court.

The only question presented by the transcript of the record before us is, that of the jurisdiction of courts in offenses of simple assaults. Paragraph five, of section ten, of the Criminal Code of this State, provides that "justices' courts have

concurrent jurisdiction with city and police courts; but exclusive of circuit courts, of prosecutions for offenses where the punishment of a person is limited to a fine not exceeding ten dollars; and concurrent jurisdiction with the circuit courts in prosecutions of offenses where the punishment is limited to a fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both."

A simple assault, by our statutes, is punishable by a fine of over ten dollars. *Chapter 51, Gould's Digest, page 336*, provides that a *simple assault*, unattended with any apparent design to commit homicide or felony, shall, upon the conviction of any person thereof, be punished by fine not exceeding one hundred dollars. The punishment of simple assaults, by fine or imprisonment, imposed by the chapter of Gould's Digest referred to, has not been reduced by any subsequent legislative enactment.

In the case of *Tucker, ex parte, 25 Ark.*, *567*, the court held that the change in the jurisdiction of justices of the peace effected by the present Constitution, considerably enlarges the jurisdiction of justices of the peace, "both in civil and criminal cases, extending it in the latter to all offenses less than felony. No change whatever in the jurisdiction of the circuit court is directly or expressly made, but the exclusive jurisdiction given justices of the peace, in actions of replevin and of contract, where the amount in controversy does not exceed two hundred dollars, does, by necessary implication, so far as the change in the jurisdiction of justices of the peace extends, restrict it. But, as the criminal jurisdiction of justices of the peace is not declared to be exclusive, no implication that that of the circuit court is confined to felonies is necessary to avoid an inconsistency or repugnancy in the two provisions or to prevent a conflict between the jurisdiction of the circuit court and that of justices of the peace."

Prior to the adoption of the present Constitution, justices of the peace had exclusive original jurisdiction in assaults and assaults and batteries; but the present constitution confers up-

on justices of the peace jurisdiction in all criminal cases below felony, but, as was held in Tucker, ex parte, that jurisdiction is not exclusively vested in justices of the peace.

Under the provisions of the Code of Criminal Practice, referred to, it may be exercised concurrently by circuit courts, in cases of assaults, or assaults and battery.

The court below erred in arresting the judgment of the circuit court; the judgment is reversed, and the cause remanded, to be proceeded in according to law, and not inconsistent with this opinion.